**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**
(Northern Division)

APS EAST COAST, INC.
10060 Skinner Lake Drive
Jacksonville, Florida 32246,

      Plaintiff,

v.

BROOKS SECURITY CONSULTANT
GROUP, LLC d/b/a POLICE SECURITY
GROUP
584 Windsong Drive
Aberdeen, Maryland, 21001,

      Defendant.

Civil Action No. 1:26-cv-02225

## COMPLAINT

Plaintiff, APS East Coast, Inc. ("APS"), by its undersigned attorneys, hereby files its Complaint against Defendant Brooks Security Consultant Group, LLC d/b/a Police Security Group ("PSG"), and in support thereof states as follows:

### INTRODUCTION

1.     This is an action for negligence and breach of contract arising out of three theft incidents that occurred on June 23, 2023, July 22, 2023, and September 2, 2023 at APS' property, which was located at 2901 Childs Street, Baltimore, Maryland 21226 (the "Premise"). During these theft incidents, PSG was responsible for the security on the Premise.

2.     FCA US LLC ("FCA") was a customer of APS at the time of the theft events, and as a result of these incidents, several FCA vehicles were stolen and damaged.

1

**PARTIES AND JURISDICTION**

3.      Plaintiff is a corporation incorporated in Delaware and having its principal place of business at 10060 Skinner Lake Drive, Jacksonville, Florida 32246.

4.      Defendant is a limited liability company located at 584 Windsong Drive, Aberdeen, Maryland, 21001. Its registered agent is William Brooks located at 584 Windsong Drive, Aberdeen, Maryland, 21001.

5.      A limited liability company has the citizenship of each state where its members are citizens, and upon information and belief Defendant PSG is believed to be a citizen of Maryland.

6.      This Court has subject matter jurisdiction over this action, as well as personal jurisdiction over Defendant, because the amount of controversy exceeds $75,000, the parties are diverse, and the occurrences complained of took place in Baltimore City, Maryland.

7.      Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(b) because a substantial part of the actions giving rise to the claims herein occurred in the District of Maryland.

**FACTUAL BACKGROUND**

<u>Contractual Obligations</u>

8.      On May 9, 2023, APS entered into a three-year contract commencing on June 9, 2023 with PSG for security services at the Premise (hereinafter the "Contract"), in which APS was identified as the "Client." The Contract dated May 9, 2023 is attached hereto as **Exhibit 1**.

9.      Under the Contract, PSG was required to provide "sufficient Security Officers to ensure reasonable protection of persons and property," and it was required to supervise and train its security officers.

10.     The Contract also specified that PSG would provide four (4) unarmed vessel

guards, six (6) unarmed guard posts, one (1) supervisor rover, one (1) night armed rover, and one (1) night unarmed rover.

11.    Additionally, the Contract provided that PSG will:

defend and indemnify Client against any Loss arising from the Services only to the extent the Loss is caused by the negligence of Company, its employees or agents while acting within the scope of their duties and authority. As a matter of clarification, a Loss may result from the following activities: (i) cell phone use of any kind while operating a vehicle or driving under the influence of drugs or alcohol; (ii) reckless or negligent driving of vehicle, or damage to vehicle; (iii) vehicle speeding or failure to obey stop signs; (iv) physical violence in the workplace; (v) **theft or vandalism of APS East Coast's property or customer vehicles**; (vi) sleeping or inattention while on guard duty resulting in vehicle theft or vandalism; (vii) failure to properly check credentials and allowing unauthorized access into the property; (viii) leaving the premises without supervisor permission or vacating a security post; (ix) willful or negligent failure to follow established security procedures during patrols or leaving gates open and unattended; (x) any claims from OEM as a result of incorrectly releasing a vehicle to haul away trucker; or (xi) failure to follow USCG/Homeland Security regulations that results in fines or penalties.

Exhibit 1 (emphasis added).

12.    APS also entered into a contract with FCA US LLC ("FCA") to provide them with port services which was effective from January 1, 2023 through December 31, 2025. Under this Contract, FCA was a customer of APS.

13.    On or about June 23, 2023, PSG's employee, Anthony Hyman, ("Hyman") was scheduled to guard Post 1 at the Premise.

14.    On or about June 23, 2023 at approximately 8:00 p.m., Hyman opened the Buffalo Tank Truck Gate ("Truck Gate"), tested the sensor and the operator box, and took photos of the Premise.

15.    On or about June 24, 2023 at approximately 2:00 a.m., two men arrived at the Premise and conversed with Hyman for approximately 10-15 seconds.

16.    On or about June 24, 2023 at approximately 2:00 a.m., Hyman opened the gate

arm at Post 1 and allowed the two men to enter the Premise through the Truck Gate.

17. On or about June 24, 2024, three (3) automobiles were stolen from the Premise.

18. During the theft, the thieves were on the Premise for approximately fifteen (15) minutes without any of the other PSG security officers detecting their presence.

19. Following the Baltimore Police Department's investigation of this occurrence, Mr. Hyman was arrested and convicted of seven (7) charges related to the incident.

20. On or about July 22, 2023, thirteen (13) additional vehicles were stolen from the Premise.

21. On or about September 2, 2023, seven (7) more vehicles were stolen from the Premise.

22. As of the date of filing this Complaint, seven (7) of the vehicles stolen on or about July 22, 2023 were recovered, and three (3) of the vehicles stolen on or about September 2, 2023 were recovered.

23. The vehicles that were stolen from the Premise were owned by APS' customer, FCA, which sought to recover damages from the APS for the loss of its property.

24. As a result of the FCA claim, APS paid all damages totaling $915,566.99 in the amounts as follows:

      a. June 23, 2023     $87,410.23 (inclusive of a $75,000.00 deductible)

      b. July 22, 2023     $609,806.45 (inclusive of a $75,000.00 deductible)

      c. September 2, 2023  $218,350.31 (inclusive of a $75,000.00 deductible)

Damages

25. As a result of the thefts on July 22, 2023, APS has incurred $609,806.45 in property damage.

26. As a result of the theft on September 2, 2023, APS has incurred $218,350.31 in

4

property damage.

27.    As a result of the theft on June 23, 2023, APS has incurred $87,410.23 in property damage.

28.    Several of FCA's vehicles which were either stolen or damaged have not yet been invoiced to APS, and those corresponding costs are currently unknown.

29.    APS has notified PSG of the loss, however, as of the date of filing this Complaint, PSG has refused to reimburse APS for the loss caused by its negligence and breach of contract.

**COUNT I – NEGLIGENCE**

30.    The allegations of paragraphs 1-29 of this Complaint are incorporated herein as if fully set forth.

31.    At all relevant times, PSG was responsible for providing security services at the Premise.

32.    PSG, through its agent(s) and employees, including but not limited to the security guards who were on duty during the above-described theft events, owed a duty to APS to exercise reasonable care in securing the Premise and protecting against foreseeable criminal activity, including theft.

33.    PSG breached this duty of care by, among other things:

   a.   Failing to prevent unauthorized access to the Premise;

   b.   Failing to respond to criminal activity;

   c.   Failing to monitor the Premise adequately;

   d.   Failing to deter criminal activity;

   e.   Failing to observe and patrol the Premise competently;

   f.   Failing to properly secure the property on the Premise;

5

g. Failing to have sufficient hiring practices to provide proper vetting of employees before placing them in a position of trust with its clients;

h. Failing to properly supervise its employees; and

i. Failing to properly monitor its employees.

34. PSG negligently breached these duties owed to APS, which was the direct and proximate cause of APS' damages as set forth in this Complaint.

35. As a result, PSG is liable for damages sustained by APS.

WHEREFORE, Plaintiff APS East Coast, Inc. respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Brooks Security Consultant Group, LLC d/b/a Police Security Group and award Plaintiff damages in an amount no less than $915,566.99, an award of reasonable attorney's fees and costs in connection with the prosecution of this action, and such other and further relief as this Court deems just and appropriate.

**COUNT II – BREACH OF CONTRACT**

36. The allegations of paragraphs 1-35 of this Complaint are incorporated herein as if fully set forth.

37. PSG breached its duty under the Contract to defend and indemnify APS against any loss arising from a theft or vandalism of APS East Coast's property or customer vehicles.

38. PSG breached its duty under the Contract by, among other things:

a. Failing to observe and patrol all areas of the Premise;

b. Failing to report suspicious behavior;

c. Failing to ensure reasonable protection of persons and property;

d. Failing to provide access control; and

e. Failing to properly supervise and train its security officers.

39.    These breaches caused real and substantial harm to APS, including, but not limited to damage to its own property and to customer's vehicles that were on the Premise as the result of the above-mentioned theft events.

WHEREFORE, Plaintiff APS East Coast, Inc. respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Brooks Security Consultant Group, LLC d/b/a Police Security Group and award Plaintiff damages in an amount no less than $915,566.99 an award of reasonable attorney's fees and costs in connection with the prosecution of this action, and such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

MURPHY SANCHEZ, PLLC

By:    */s/ Sandra T. Carson*
       Sandra T. Carson (#24699)
       100 West Road, Suite 300
       Towson, MD 21204
       P: 443-846-0175
       F: 215-799-9349
       scarson@murphysanchez.com
       Attorneys for Plaintiff